UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| MATTHEW KING, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 2:15-CV-245 JD |
|  | ) |  |
| INDIANA HARBOR BELT RAILROAD COMPANY, | ) ) ) |  |
|  | ) |  |
| Defendant. |  |  |

## OPINION AND ORDER

This is a whistleblower retaliation suit under the Federal Railroad Safety Act, 49 U.S.C. § 20109. That Act requires plaintiffs to first file a complaint with the Department of Labor, after which they can sue in federal district court if the agency has not issued a final decision within a specified time. Plaintiff Matthew King did so here, alleging that defendant Indiana Harbor Belt Railroad ("IHB") retaliated against him after he refused to blame another employee's injury on that employee.[1] IHB now moves to dismiss for lack of subject matter jurisdiction. It argues that King's complaint with the Department of Labor was one day late, and that the timeliness of an administrative complaint is a jurisdictional requirement, so this case should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure. In response, Mr. King argues that the timeliness of an administrative complaint is not a jurisdictional requirement but an affirmative defense, and that it is thus not suitable to resolution on a motion under Rule 12 when, as here, it depends on evidence outside of the complaint.

---

[1] The factual background of Mr. King's complaint is set forth at more length in the Report and Recommendation, but because IHB's objection involves a purely legal question, the Court does not restate it here.

The Court referred the motion to Magistrate Judge Paul R. Cherry for a report and recommendation. In his report, Judge Cherry concluded that the timeliness of an administrative complaint is not a jurisdictional requirement under the FRSA. A motion to dismiss on that basis would thus have to proceed under Rule 12(b)(6), which does not permit consideration of extrinsic materials. Judge Cherry thus recommended that IHB's motion be denied, without reaching the substance of IHB's argument that Mr. King's administrative complaint was untimely. IHB objected to this recommendation, solely on the basis that the timeliness of an administrative complaint should be considered jurisdictional. Having considered that matter de novo, the Court agrees with Judge Cherry's analysis and conclusion, and thus adopts the report and recommendation and denies the motion to dismiss.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B), a court may refer a dispositive motion to a magistrate judge for preparation of a report and recommendation. Once the magistrate judge files the report and recommendation, a party must file any objections within fourteen days of service. *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Consistent with Federal Rule of Civil Procedure 72(b), the district court must undertake a de novo review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)). Portions of the report that are not objected to are reviewed for clear error. *Id.* Under the clear error standard, a court will only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997).

## II. DISCUSSION

The sole question at issue is whether the timely filing of an administrative complaint is a jurisdictional requirement for suits filed in federal court under the FRSA. If so, then it can be raised and decided on a motion to dismiss under Rule 12(b)(1) (a motion to dismiss for lack of subject-matter jurisdiction), which permits consideration of materials extrinsic to the complaint. If not, then IHB cannot properly raise this defense on a motion to dismiss under Rule 12, as its arguments depend on evidence outside of the complaint.[2] The Report and Recommendation found that this requirement is not jurisdictional. The Court agrees.

The Supreme Court has observed on multiple occasions that "jurisdiction" "'is a word of many, too many, meanings.'" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 510 (2006) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 90 (1998)). "Subject-matter jurisdiction properly comprehended," the Supreme Court has emphasized, "refers to a tribunal's power to hear a case." *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs*, 558 U.S. 67, 81 (2009) (internal quotation omitted); *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 491 (7th Cir. 2011) ("Jurisdiction means nothing more and nothing less than a court's adjudicatory authority." (internal quotation omitted)). As the Supreme Court noted in *Arbaugh*, though, many opinions (including its own) have used the term "jurisdiction" loosely and imprecisely in referring to claims-processing rules or elements of a claim. *Arbaugh*, 546 U.S. at 510–11. Though such matters may be mandatory, they go to the merits of a claim, not to a court's authority to adjudicate it, and are not properly characterized as "jurisdictional." *Henderson ex rel. Henderson*

---

[2] IHB has not requested that the Court treat its motion as a motion for summary judgment should the requirement not be deemed jurisdictional, *see* Fed. R. Civ. P. 12(d), nor did it object that the Report and Recommendation did not do so. Because the Report and Recommendation did not clearly err in that respect, the Court declines to treat IHB's motion as one for summary judgment, as would be required to reach the merits of its argument that Mr. King's administrative complaint was untimely.

*v. Shinseki*, 562 U.S. 428, 435 (2011) ("We have urged that a rule should not be referred to as jurisdictional unless it governs a court's adjudicatory capacity, that is, its subject-matter or personal jurisdiction. Other rules, even if important and mandatory, we have said, should not be given the jurisdictional brand." (internal citations omitted)). Congress is free to decide whether a requirement should be jurisdictional. *Id.* Before treating a requirement as jurisdictional, though, courts require a "'clear' indication" that Congress intended that result. *Id.* (quoting *Arbaugh*, 546 U.S. at 515–16).

Congress has given no such indication here. Mr. King's claim arises under the Federal Railway Safety Act, 49 U.S.C. § 20109. An employee wishing to assert a claim under that section must first file an administrative complaint with the Secretary of Labor. § 20109(d)(1). Such a complaint begins an adjudicatory process within the administrative agency. However, if the complaint has not been adjudicated by the agency within 210 days after its filing, an employee may file suit in federal court:

> if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy

§ 20109(d)(3). Notably, nothing in that jurisdiction-conferring provision refers to the timeliness of the initial administrative complaint. That requirement is set forth in a separate provision, under the heading of "Procedure." § 20109(d)(2). That provision states that an administrative complaint "shall be commenced not later than 180 days after the date on which the alleged violation . . . of this section occurs." § 20109(d)(2)(A)(ii). Again, nothing in that provision suggests that it is meant to limit the federal courts' jurisdiction, and it does not speak in terms of a court's authority to hear the case. Thus, because Congress has not "clearly state[d]" that this

4

requirement is jurisdictional, the Court must treat it as non-jurisdictional in character. *Arbaugh*, 546 U.S. at 515–16.

The Supreme Court considered a similar provision in *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982), in which it decided whether the time limit for a Title VII plaintiff to file a charge of discrimination with the EEOC before suing in federal court was a jurisdictional requirement. The Court noted that the provision granting jurisdiction over suits under Title VII did not reference the time limit to file charges with the EEOC. *Zipes*, 455 U.S. at 393–94. Rather, the time limit was set forth in a separate provision, and that provision did "not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Id.* at 394. Thus, the Court held that the time limit to file a charge with the EEOC was not a jurisdictional requirement. *Id.* 398. The Court has also applied that same analysis in other contexts. *E.g.*, *Arbaugh*, 546 U.S. at 515 (holding for similar reasons that the 15-employee threshold for Title VII suits is not jurisdictional); *Henderson*, 562 U.S. at 438 (likewise for deadlines to file appeals to the Veterans Court).

That analysis applies here, too. As just discussed, the provision that confers jurisdiction over Mr. King's claim, § 20109(d)(3), does not refer to the time limit for filing an administrative complaint. The time limit is set forth in a separate provision, § 20109(d)(2)(A)(ii), and that provision does "not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Zipes*, 455 U.S. at 394. In fact, that provision appears under the heading of "Procedure," which is a further indication that it is a claims-processing rule, not a jurisdictional requirement. *Henderson*, 562 U.S. at 439 (noting that a time-limit's placement in a subchapter entitled "Procedure" "suggests Congress regarded the 120-day limit as a claim-processing rule," not a jurisdictional one).

5

In arguing that this requirement is in fact jurisdictional, IHB cites to a number of opinions from district courts that describe similar requirements as jurisdictional. Given the overuse of the term "jurisdiction" that the Supreme Court noted in *Arbaugh*, though, it is necessary to look at the reasoning behind those descriptions to determine whether they are sound. The Report and Recommendation did exactly that, exploring in considerable detail the foundations for the cases upon which IHB relies. For the reasons set forth in the Report and Recommendation, and in light of the analysis above, the Court is not persuaded by those cases. IHB also argues that the time-limit to file an administrative complaint under the FRSA should be construed the same as a similar requirement under the Sarbanes-Oxley Act. However, the Seventh Circuit has held that the requirement to timely file an administrative complaint under Sarbanes-Oxley is *not* jurisdictional:

> There is some question whether Fleszar's complaints to the Department . . . , and her administrative appeals, were timely. We need not decide whether she acted with the required dispatch, however . . . . Belated administrative filings are not a jurisdictional defect. *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982). The Supreme Court distinguishes between mandatory case-processing rules and true jurisdictional requirements. See, e.g., *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237 (2010) (collecting authority). Rules of administrative procedure are in the former category. See *Union Pacific R.R. v. Brotherhood of Locomotive Engineers*, 130 S. Ct. 584 (2009).

*Fleszar v. U.S. Dep't of Labor*, 598 F.3d 912, 914 (7th Cir. 2010). In light of that holding, and IHB's express request to treat the timeliness of an administrative complaint under the FRSA the same as under Sarbanes-Oxley, the Court finds that the requirement here is not jurisdictional. Accordingly, IHB's argument is not properly raised under Rule 12(b)(1), so its motion to dismiss is denied.

### III. CONCLUSION

For those reasons, the Court ADOPTS the Report and Recommendation [DE 39], OVERRULES the defendant's objections [DE 42], and DENIES the motion to dismiss [DE 30].

SO ORDERED.

ENTERED: March 23, 2017

                                            /s/ JON E. DEGUILIO
                                   Judge
                                   United States District Court